## SALE OF LAND UNDER A MISTAKEN IMPRESSION AS TO THE BOUNDARIES.

Circuit Court of Summit County.

CHARLES MALLISON V. DANIEL DUERR AND ELIZABETH MAHONEY.

Decided, October 12, 1912.

*Contracts—Rescission Granted when there Was no Meeting of Minds as to Land Conveyed.*

Where it appears that there was no meeting of the minds of the parties to a contract for the purchase of land, due to the fact that the purchaser thought the boundaries included certain land not in fact included but which the purchaser desired for a particular purpose, an abatement of the purchase price not furnishing adequate relief, a rescission of the contract will be granted.

*J. A. H. Myers* and *C. L. Dinsmore,* for plaintiff.
*Wilcox, Burch & Adams,* contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

This case comes to us on appeal from a judgment of the court of common pleas.

Mallison purchased a tract of land from Duerr, directing that it should be deeded to a relative, Elizabeth Mahoney. At the time this agreement to purchase was made, Mallison and Duerr went upon the land. Duerr owned land in the township and village of Cuyahoga Falls, bounded on the north side by Front street, on the south side by the Cuyahoga river, and on the east side by the boundary line between Cuyahoga Falls and Stow townships.

This land was all originally in Stow township, but something like sixty years ago the township of Cuyahoga Falls was estab-

lished, being made up from Stow and other townships. There was no visible mark to fix just where this boundary line was. Duerr and Mallison both understood that Duerr's land was all in Cuyahoga Falls, but we think it plain, from the evidence, that both supposed the line to be considerably east of where it really was.

Duerr says he told Mallison he didn't know which of two stones which he pointed out was on the line. As a matter of fact neither of these stones was on the line; both were too far east.

Duerr shows by his testimony that he understood that Mallison was buying expressly that he might have a boat landing on the river front. He says 26 feet would be enough for a boat landing, and that he, Duerr, spoke of 26 feet as a sufficient boat landing.

A deed was made out by Duerr and delivered to Mrs. Mahoney, making the east boundary the township line. As already said, this was considerably east of both the stones pointed out by Duerr, and reduces the river front to much less than 26 feet; in fact, it practically leaves no room for a boat landing.

There is a mistake, too, in the west line as it appears in the deed. This is agreed to by all parties, and if this were the only difficulty it would be easily corrected as a mutual mistake; but Duerr did not own the land which Mallison says he supposed he was getting. He did not own as far east as either of the stones pointed out, so that if Mallison is entitled to any relief here it can not be given him by a decree of specific performance.

We think it clear that he is entitled to relief; there would remain but two means of giving the plaintiff proper relief, to-wit, a rescission of the contract or an abatement from the consideration. The latter would not be adequate and proper relief when we take into account the fact that the inducing cause operating upon the plaintiff to make the purchase was that he might have a suitable river front for a boat landing. Giving him the land only which the defendant could have given him, he fails to get this river front. The purpose for which he purchased the property failed, and he would not be made good by a recovery back of a proportionate share of the purchase money. In such case

we understand the plaintiff to be entitled to a rescission of the contract.

In the case of *Stewart* v. *Gordon,* 60 O. S., at page 170, it is said in the second paragraph of the syllabus:

"Where a grantor is mistaken as to the size of a particular tract of land from which a given number of acres in rectangular form are to be taken, but the grantee is not, the fact that the grant so made includes a house both understood was not to be included, is ground for a rescission of the grant, but not for reformation of the deed."

On pages 174 and 175 in the opinion in this case, prepared by Judge Minshall, this language is used:

"The evidence in this case fails to disclose that it was a mutual mistake. There was a mistake in this, that the plaintiff and her husband both testified that the eleven acres were to be taken off of the east side of the southwest quarter of the southeast quarter of the section named, but so as not to include the house. The defendant, on the other hand, testifies that it was to be taken off of the north side, whether it included the house or not. He was not certain at the time whether it included the house. Both parties agree that whether taken from the east or north side, it was to be in the form of a rectangle; there was no treaty for anything else. The court, however, found with the defendant, that it was to be from the north side and that both parties mutually understood that it was not to include the house, and permitted the petition to be amended so as to support a finding that the eleven acres were to be taken from the north side so as not to include the house.

"The plaintiff thought it was to be taken from the east side so as not to include the house and lot. The defendant understood that it was to be taken from the north side. As to this the court found with him, but found that he understood that it was not to include the house. And then finding that this could not be done so as to convey the requisite number of acres in the shape understood by both parties, decreed it to be taken from a side conforming to the understanding of one of the parties, and in a form different from the understanding of both. It is not competent for a court to determine the contract that should have been made and decree its performance. Parties must be left to make their own contracts. The most the court can do, in exercising the power of reformation, is to clearly ascertain what the contract was and to correct such mutual errors as have intervened in

carrying it into execution.   The evidence in the case would doubt-less have warranted a rescission had suit been brought for that purpose.''

In the present case suit is brought for the rescission of this contract.   It is a case where the minds of the parties did not meet; it is a case which, as already pointed out, can not be corrected by decreeing a specific performance, even if the minds of the parties had met, because Duerr did not own the land which Mallison supposed he was getting, and, as has also been pointed out, an abatement from the purchase price would not do justice to the plaintiff.

We reach the conclusion, therefore, that the plaintiff is entitled to have the contract rescinded.

The defendant Duerr having died during the progress of this action and his successors in title having been made parties, including also the executor and his widow, the decree must be against them.   We have examined the decree entered in the court of common pleas, and the same decree may be taken here.